UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-10013-CIV-MOORE/TORRES

SUZANN HOLLIS,

          Plaintiff,

v.

CITY OF KEY WEST and ERIC
BISKUP in his individual capacity,

          Defendants.

_____/

## DEFENDANT CITY OF KEY WEST'S ANSWER AND DEFENSES

The Defendant City of Key West ("CITY"), by and through its undersigned attorneys files its Answer and Defenses to Plaintiff's Complaint (DE 1) and states as follows:

1.      It is admitted that Plaintiff seeks relief for an alleged violation of 42 USC§1983 but it is denied that the Complaint states a claim upon which relief can be granted and is further denied that Plaintiff is entitled to any relief.

2.      The allegations contained in paragraph 2 are denied.

3.      It is admitted that the Defendants reside in Monroe County, Florida and that venue is proper in the United States District Court for the Southern District of Florida, Key West Division. Any remaining allegations contained in paragraph 3 are denied.

4.      The allegations contained in paragraph 4 are denied.

5.      The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 5 and therefore denies the same and demands strict proof

thereof.

6.      As to the allegations contained in paragraph 6, it is admitted that the City of Key West is a municipal corporation organized and existing under Florida Laws, and that the City operates a police department.  The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 6 and therefore denies the same and demands strict proof thereof.

7.      The allegations contained in paragraph 7 are admitted.

8.      With respect to the February 16, 2008 arrest of Plaintiff Suzann Hollis, it is admitted that at all times material Defendant Biskup acted within the course and scope of his employment and discretionary authority as a law enforcement officer with the City of Key West.  The Defendant is without sufficient knowledge at this time to specifically admit or deny any remaining allegations contained in paragraph 8 and therefore denies the same and demands strict proof thereof.

9.      It is admitted that on February 16, 2008 the Key West Police Department was called and Defendant Biskup responded to the Pearl Guest House (421 United Street) in reference to a report of a domestic disturbance.  It is further admitted that the domestic disturbance involved Suzann Hollis and Anna Ricciotti.  The Defendant is without sufficient knowledge at this time to specifically admit or deny any remaining allegations contained in paragraph 9 and therefore denies the same and demands strict proof thereof.

10.     It is admitted that Defendant Biskup responded to the scene, and among other things spoke to Ms. Ricciotti as to what had occurred.  Any remaining allegations contained in paragraph 10 are denied.

11.     The allegations contained in paragraph 11 are denied.

12.     The allegations contained in paragraph 12 are denied.

13.     The allegations contained in paragraph 13 are denied.

14.     The allegations contained in paragraph 14 are denied.

15.     The allegations contained in paragraph 15 are denied.

16.     It is admitted that Plaintiff Hollis' left arm was previously amputated.  The Defendant is without sufficient knowledge at this time to specifically admit or deny any remaining allegations contained in paragraph 16 and therefore denies the same and demands strict proof thereof.

17.     The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 17 and therefore denies the same and demands strict proof thereof.

18.     The allegations contained in paragraph 18 are denied.

19.     The allegations contained in paragraph 19 are denied.

20.     The allegations contained in paragraph 20 are denied.

21.     It is admitted that during the arrest of Plaintiff Hollis and in response to Hollis' resistance, Defendant Biskup used a single dose of pepper spray.  Any remaining allegations contained in paragraph 21 are denied.

22.     It is admitted that in order to effect the arrest of Plaintiff Hollis and to protect himself from bodily harm and in response to Plaintiff Hollis' resistance, Defendant Biskup delivered a single closed fist strike to Plaintiff Hollis' face.  All remaining  allegations contained in paragraph 22 are denied.

23.     The allegations contained in paragraph 23 are denied.

24.     The allegations contained in paragraph 24 are denied.

25.     The allegations contained in paragraph 25 are denied.

26.     The allegations contained in paragraph 26 are denied.

27.     The allegations contained in paragraph 27 are denied.

28.     The allegations contained in paragraph 28 are denied.

29.     It is admitted that Plaintiff Hollis was transported to a hospital emergency room and was seen by medical doctors.  The Defendant is without sufficient knowledge at this time to specifically admit or deny any remaining allegations contained in paragraph 29 and therefore denies the same and demands strict proof thereof.

30.     The allegations contained in paragraph 30 are denied.

31.     The Defendant is without sufficient knowledge at this time to specifically admit or deny the allegations contained in paragraph 31 and therefore denies the same and demands strict proof thereof.

32.     The allegations contained in paragraph 32 are denied.

33.     The allegations contained in paragraph 33 are denied.

34.     It is admitted that Defendant Biskup did not assist Plaintiff Hollis in dressing.  Any remaining allegations contained in paragraph 34 are denied.

35.     The allegations contained in paragraph 35 are denied.

36.     The allegations contained in paragraph 36 are denied.

37.     The allegations contained in paragraph 37 are denied.

38.     The allegations contained in paragraph 38 are denied.

39.     It is admitted that Plaintiff has retained counsel in this action, all remaining allegations contained in paragraph 39 are denied.

40.     The allegations contained in paragraph 40 are denied.

41.     Count I (paragraphs 41 and 42) does not seek relief against the Defendant CITY and as a result no further response is required.  To the extent any further response is required, the

allegations contained in Count I (paragraphs 41-42) are denied.

42.     Count I (paragraphs 41 and 42) does not seek relief against the Defendant CITY and as a result no further response is required.  To the extent any further response is required, the allegations contained in Count I (paragraphs 41-42) are denied.

43.     The Defendant adopts and incorporates herein by reference its responses to paragraphs 1 through 40 above.

44.     The allegations contained in paragraph 44 are denied.

45.     It is admitted that at all times material to this action Defendant Biskup was acting within the course and scope of his employment as a law enforcement officer with the Defendant CITY.  Any remaining allegations contained in paragraph 45 are denied.

46.     The allegations contained in paragraph 46 are denied.

47.     The allegations contained in paragraph 47 are denied.

48.     The allegations contained in paragraph 48 are denied.

49.     Each and every allegation of the Complaint is denied unless specifically admitted hereinabove.

50.     Any force used by Defendant Biskup on the person of Plaintiff Hollis was reasonable under the circumstances to effect the arrest of Plaintiff Hollis and/or to protect Defendant Biskup from bodily harm.

51.     Plaintiff's claim is barred by the applicable statute of limitations.

52.     Plaintiff has failed to mitigate her damages as required by law.

## REQUEST FOR JURY TRIAL

The Defendant, CITY, requests a trial by jury on all issues so triable as of right.


Dated: April 30, 2012.

Respectfully submitted,

 /s/ Michael T. Burke
Michael T. Burke, Esquire (338771)
Burke@jambg.com
Johnson, Anselmo, Murdoch,
Burke, Piper & Hochman, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida 33304
Telephone:     (954) 463-0100
Facsimile:      (954) 463-2444
Attorneys for Defendant


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 30th day of April, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Michael T. Burke
Michael T. Burke, Esq.

6

**SERVICE LIST**

**Suzann Hollis vs. City of Key West and Eric Biskup in his individual capacity**
**CASE NO.: 12-10013-CIV-MOORE/TORRES**
**United States District Court, Southern District of Florida**

_____

Michael T. Burke, Esquire
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Ste. 1000
Fort Lauderdale, Florida 33304
*Attorneys for Defendant*
Phone 954-463-0100
Fax    954-463-2444
burke@jambg.com

John Torraco, Esq.
Law Offices of John Torraco, P.A.
P.O. Box 5180
Grove City, FL 34224
*Attorney for Plaintiff*
Phone 941-740-0761
Fax    888-808-0978

James V. Cook, Esq.
Law Offices of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
*Attorneys for Plaintiff*
Phone 850-222-8080
Fax    850-561-0836

7