UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-10013-CIV-MOORE/TORRES

SUZANN HOLLIS,

       Plaintiff,

v.

CITY OF KEY WEST and ERIC
BISKUP in his individual capacity,

       Defendants.
_____/

**DEFENDANT, OFFICER BISKUP'S, REPLY TO THE
RESPONSE TO HIS MOTION IN LIMINE AS TO
THE TESTIMONY OF THE PLAINTIFF'S EXPERT**

Defendant, OFFICER BISKUP ("Officer Biskup"), by and through his undersigned attorneys and pursuant to the Federal Rules of Civil Procedure and of Evidence, files his Reply to the Response to his Motion In Limine (DE 56) filed by the Plaintiff, SUZANN HOLLIS, and states as follows:

**1. Tucker's "Expert" Testimony Is Unnecessary**

There is simply no need for Tucker's "expert" testimony in this case. To be admissible, expert testimony must "assist[] the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." Haddad v. Rav Bahamas, Ltd., 589 F. Supp. 2d 1302, 1306 (S.D. Fla. 2008).

1

Hollis v. Biskup
Case No.: 12-cv-10013

Here, the jury will not be called upon to make a complex factual determination that would require the assistance of expert testimony. Rather, the jury will be called upon to make a credibility determination. As explained in the Motion, the Plaintiff and Officer Biskup have drastically different versions of the Plaintiff's arrest. See DE 56 at n1. As a result, the jury will be required to determine which version of the facts it finds more credible. Expert testimony such as Tucker's testimony would not assist the jury in this task and he should not therefore be permitted to testify.

### 2. Tucker Cannot Testify As To Ultimate Issues Of Law

In her Response, the Plaintiff fails to address Officer Biskup's argument establishing that in excessive force cases, experts are not permitted to testify whether the defendant's use of force was excessive or unreasonable as this is merely an opinion on an ultimate issue of law that risks invading the province of the jury. See DE 56 at 5-7; Brown v. Burghart, Case No. 10-3374, 2012 U.S. Dist. LEXIS 73543 (E.D. Pa. May 25, 2012); Damiani v. Momme, Case No. 11-2534, 2012 U.S. Dist. LEXIS 66325, at *2 (E.D. Pa. May 11, 2012); Martinez v. Davis, 2011 U.S. Dist. LEXIS 15406, 2011 WL 486255 at *3 (C.D. Cal. Feb. 4, 2011); Jimenez v. Sambrano, 2009 U.S. Dist. LEXIS 67060, 2009 WL 2382622 at *2 (S.D. Cal. July 31, 2009); Tschappat v. Groff, Case No. 3:CV-01-2279, 2004 U.S. Dist. LEXIS 30771, at *4 (M.D. Pa. June 1, 2004). By operation of the Local Rules, Officer Biskup's argument regarding this issue is undisputed and admitted for purposes of the Motion.[1] See Local Rules 7.1(c).

---

[1] The Plaintiff does cite to several cases which she claim demonstrate that "numerous courts have found head strikes to be deadly." DE 57 at 8-9. However, all of the cases cited for this proposition involve head strikes **with objects**. See Evans v. City of Neptune Beach, 61 F. Supp. 2d 1245, 1252 (M.D. Fla. 1998) (addressing strikes to the thigh and knee with "a baton"

Hollis v. Biskup<br>
Case No.: 12-cv-10013

Instead of responding to this argument, Hollis claims that Tucker should be permitted to testify because (1) "Police practices experts assist the finders of fact by describing the state of training and professional standards that police follow on the basis of the best thinking of leaders in the law enforcement community," and (2) "Mr. Tucker will testify to the jury that the human head has a number of special vulnerabilities that make it a target of choice when circumstances appear to justify the infliction of death or serious injury and place it, generally, off limits when the circumstances do not justify the infliction of death or great injury." DE 57 at 6. This argument is without merit because these opinions do not appear anywhere in Tucker's Expert Report. See DE 56-1. The Federal Rules of Civil Procedure prohibit a party from utilizing expert opinions that were not properly disclosed under Rule 26. See Fed. R. Civ. P. 37(c)(1).

Here, the Plaintiff retained Tucker to provide his opinion "as to whether the level of force used by Biskup was a greater level of force than a reasonable officer in 2008 would have used under

---

and holding that "Unlike a gun, a baton is a weapon that is generally less likely to be lethal. Further, common sense dictates that the lethality of a baton blow depends on the portion of the body it strikes: a blow to a large muscle mass, such as the thigh or buttocks is most likely to produce only pain and bruising; whereas a blow to a joint, such as the knee, elbow, could produce a fracture and a blow to the head or neck could very easily cause serious injury or death. In this case, according to Plaintiff, he was hit in the thigh several times and in the knee once, clearly non-lethal, and likely not permanently injurious, blows but, most importantly, a reasonable response to a reasonably perceived threat."); Hodsdon v. Town of Greenville, 52 F. Supp. 2d 117, 124 (D. Me. 1999), (finding that a "gratuitous blow to the head **with a blunt instrument** would clearly constitute excessive force.") (emphasis added); Baltimore v. City of Albany, Ga., 183 F. App'x 891, 898 (11th Cir. 2006) (holding "striking a suspect in the head **with a heavy flashlight or other blunt instrument** at least poses a 'substantial risk of serious bodily injury,' if not death.") (emphasis added). Since both the Plaintiff and Officer Biskup agree that Officer Biskup did not utilize a "blunt instrument," the cases relied upon by the Plaintiff are not analogous.

the same or similar circumstances." DE 56-1.  Under the Federal Rules of Civil Procedure, Tucker's testimony is limited to this opinion, which improperly provides opinions on ultimate issues of law for the jury.  Because Tucker does not provide any proper opinions in his Expert Report, he should not be permitted to testify at trial and Officer Biskup's Motion should be granted.

### 3. Tucker Is Attempting To Provide A Per Se Rule

In arguing that Tucker is not providing a legal conclusion, the Plaintiff (1) relies on alleged training materials to show that a closed fist strike to the head is considered deadly force and (2) argues that Tucker's methodology "has been accepted by courts more than 75 times."  See DE 57 at 6-7.  The Plaintiff's arguments are without merit for at least three reasons.

First, although she now attempts to couch Tucker's testimony in a different light, Tucker's opinion is that a closed first strike to the head, regardless of the circumstances, is deadly force.  See DE 56-1 at 4 ("[a] closed fist strike to the head area was recognized by law enforcement officers in Florida in 2008 as **deadly force** as a fist strike to the head area is likely to cause serious bodily harm or death.") (emphasis added).  Such an ultimate legal conclusion regarding an alleged closed fist punch to the face made without any reference to the specific facts of the case is inconsistent with federal law.  See Nolin v. Isbell, 207 F.3d 1253, 1257-58 (11th Cir. 2000); Woodruff v. Trusville, 434 Fed. Appx. 852, 855 (11th Cir. 2012).

Second, Tucker's opinion is not supported by the newly submitted materials attached to the Response.  The materials do not provide that a closed fist punch to the face is per se deadly force.  To the contrary, the materials provide that "certain empty-hand techniques and unconventional weapons **can be used** effectively in a deadly for encounter," and gives "the thumb strike, elbow

strike, and eye gouge" as examples. DE 57 at 13 (emphasis added). With respect to an "elbow strike," the materials explain that it involves using "the tip of the elbow to target a specific area where great bodily harm may result,"but cautions that the target areas "must be stabilized." Id. Here, there is no evidence that Officer Biskup utilized a thumb strike, elbow strike, or eye gouge or that the Plaintiff's head was "stabilized" during the encounter. As a result, the materials attached to the Plaintiff's Response are inapplicable to the facts of this case and therefore do not support Tucker's conclusory legal opinion.

Third, whether Tucker have been permitted to provide expert testimony in other proceedings is not relevant. Here, the issue is whether the opinion provided in Tucker's Expert Report is appropriate for testimony under the circumstances of this case. As explained above, it is not. Even if Tucker's other work was somehow relevant to the current determination, the Plaintiff has failed to provide any information regarding the context and substance of Tucker's opinions in the other cases so to permit a meaningful comparison.

### 4. Tucker Cannot Provide Inadmissible Hearsay

The Plaintiff claims that Tucker did not base his opinion on the hearsay letter written by the Plaintiff's ear, nose, and throat doctor. See DE 57 at 9-10. If that is accurate, then the contents of the ear, nose, and throat doctor's letter are irrelevant and Tucker should be prohibited from testifying regarding them at trial.

### 5. Tucker Only Provided Inappropriate Opinions

Much of the Plaintiff's Response is spent arguing that the issues raised by Officer Biskup are more appropriately addressed by objection during trial. DE 57 at 2-5. However, Tucker has not

5

**Hollis v. Biskup**
**Case No.: 12-cv-10013**

provided **any** opinion other than his belief that Officer Biskup's use of force was, in this case, excessive. See DE 57-1. As such, Tucker has not provided **any** appropriate opinions. As a result, Officer Biskup should not be required to wait until trial to object to Tucker's testimony where Tucker does not provide any testimony that would be proper. For these reasons, Officer Biskup ask that his Motion be granted and the Plaintiff's expert be prohibited from testifying at trial.

**Hollis v. Biskup**
**Case No.: 12-cv-10013**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of June, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Date: June 24, 2013.

/s/ Hudson C. Gill
Michael T. Burke, Esquire (338771)
Burke@jambg.com
Hudson C. Gill, Esquire (15274)
Johnson, Anselmo, Murdoch,
Burke, Piper & Hochman, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida 33304
Telephone:    (954) 463-0100
Facsimile:    (954) 463-2444
Attorneys for Defendants

Hollis v. Biskup<br>Case No.: 12-cv-10013

## SERVICE LIST

**Suzann Hollis vs. City of Key West and Eric Biskup in his individual capacity**
**CASE NO.: 12-10013-CIV-MOORE/TORRES**
**United States District Court, Southern District of Florida**

John Torraco, Esq.
Law Offices of John Torraco, P.A.
P.O. Box 5180
Grove City, FL 34224
*Attorneys for Plaintiff*
Phone 941-740-0761
Fax     888-808-0978

James V. Cook, Esq.
Law Offices of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
*Attorneys for Plaintiff*
Phone 850-222-8080
Fax     850-561-0836

Michael T. Burke, Esquire
Johnson, Anselmo, Murdoch, Burke,
Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Ste. 1000
Fort Lauderdale, Florida 33304
*Attorneys for Defendant*
Phone 954-463-0100
Fax     954-463-2444
burke@jambg.com